A. MICHAEL ZAHARE
ABA NO. 8411148
CLAYTON & DIEMER, LLC
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: Mike.Zahare@cdlaw.pro

Lawyers for Plaintiff Penn-America Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STATEWIDE FOAM AND COATINGS, LLC, LAYTON CONSTRUCTION COMPANY, LLC, a Utah limited liability company, DAWSON CONSTRUCTION, LLC, a Washington limited liability company, CITY OF KETCHIKAN,<br><br>Defendants. | Case No. 3:21-cv-00179-JWS |

**COMPLAINT FOR
DECLARATORY JUDGMENT**

Plaintiff Penn-America Insurance Company, through its lawyers, Clayton & Diemer, LLC complains and alleges as follows:

**I. PARTIES**

1. Penn-America Insurance Company ("PAIC") is incorporated and has its principal place of business in the State of Pennsylvania. PAIC is authorized to conduct business in the State of Alaska and has fully complied with all statutory prerequisites for bringing this suit.

2. Defendant Statewide Foam and Coatings, LLC ("Statewide"), is an Alaska limited liability company with its principal place of business in the State of Alaska.

3. Defendant Layton Construction Company, LLC, is a Utah limited liability company with its principal place of business in the State of Utah. At all times relevant to this lawsuit, Layton Construction Company, LLC, was doing business as Layton Construction Co. Inc./Dawson Joint Venture ("JV").

4. Defendant Dawson Construction, LLC, is a Washington limited liability company with its principal place of business in the State of Washington. At all times relevant to this lawsuit, Dawson Construction, LLC, was doing business as Layton Construction Co. Inc./Dawson Joint Venture ("JV").

5. Defendant City of Ketchikan is a municipal corporation and political subdivision of the State of Alaska.

## II. JURISDICTION & VENUE

6. This is an action for declaratory judgment and other relief, for which the Court has jurisdiction pursuant to 28 U.S.C. § 2201.

7. This court has subject matter jurisdiction under 28 U.S.C. §1331(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2).

## III. GENERAL ALLEGATIONS

9. Defendant JV entered into a Prime Contract with Defendant City of Ketchikan for the performance of work on the PeaceHealth Ketchikan Medical Center Additions and Alterations Project in Ketchikan, Alaska ("Project").

10. Effective July 10, 2015, Defendant Statewide entered into a Subcontract Agreement with JV to perform certain work on the Project.

11. Pursuant to the July 10, 2015, Subcontract Agreement with JV, Statewide installed a spray insulating foam, applied a fire retardant intumescent coating over the foam insulation, and applied a top-coat of acrylic latex paint on the underside of the ceiling of the open parking garage of the Project.

12. Statewide demobilized from the Project site on or about January 29, 2016.

13. In or about June 2016, delamination of the intumescent coating from the insulating foam was reportedly observed in the parking garage of the Project.

14. The City of Ketchikan alleges that that the intumescent coating was not properly installed under proper conditions which has resulted in delamination and failure of the intumescent coating. The City of Ketchikan has demanded that JV provide a corrective action plan and repair the allegedly defective conditions of the Project ("City of Ketchikan Claim").

15. On or about December 13, 2017, JV tendered defense and indemnity of the City of Ketchikan's Claim regarding the alleged delamination and failed intumescent coating to Statewide. In the December 13, 2017, tender letter JV states, "This letter notifies you that Layton-Dawson has a potential claim against Statewide Foam & Coatings, LLC, related to the parking garage intumescent coating. The coating is falling off the roof deck in the parking garage. The estimated amount to correct this defect is currently unknown, but may be in excess of $300,000" ("JV Claim"). A true and correct copy of the December 13, 2017, tender is attached hereto as Exhibit 1. JV supplemented its tender to Statewide on July 13, 2018. A true and correct copy of JV's July 13, 2018 supplemental tender is attached hereto as Exhibit 2.

COMPLAINT FOR
DECLARATORY JUDGMENT
Page 3 of 11

*Penn-America Ins. Co. v. Statewide Foam and Coatings, LLC, et al.*
3:21-cv-00179-JWS

Case 3:21-cv-00179-JWS   Document 1   Filed 07/27/21   Page 3 of 11

16. Plaintiff PAIC issued a Commercial General Liability Part, Policy No. PAC7104403, for the policy period June 11, 2016 to June 11, 2017 to named insured Statewide ("Policy"). The Policy was in effect at the times relevant to this lawsuit. A true and correct copy of the Policy is attached hereto as Exhibit 3.

17. PAIC issued Statewide reservations of rights letters dated February 16, 2018, and November 16, 2018. In those letters, PAIC agreed to defend Statewide against the JV Claim subject to a reservation of the right to deny coverage.

18. PAIC issued JV reservation of rights letters dated August 3, 2018, and November 16, 2018. In those letters, PAIC agreed to defend JV against the City of Ketchikan's Claim subject to a reservation of the right to deny coverage.

## IV. CLAIM FOR DECLARATORY RELIEF

19. PAIC incorporates by reference all allegations in paragraphs 1-18.

20. The Policy, Policy No. PAC7104403, provides in relevant part:

**SECTION 1 - COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.

   . . .

   b. This insurance applies to 'bodily injury' and 'property damage' only if:
      **(1)** The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';
      **(2)** The 'bodily injury' or 'property damage' occurs during the policy period; . . . .

Exhibit 3, Commercial General Liability Coverage Form (CG 00 01 04 13) at p. 1.

21. The Policy, Policy No. PAC7104403, includes the following definition:

COMPLAINT FOR
DECLARATORY JUDGMENT
Page 4 of 11

*Penn-America Ins. Co. v. Statewide Foam and Coatings, LLC, et al.*
3:21-cv-00179-JWS

Case 3:21-cv-00179-JWS   Document 1   Filed 07/27/21   Page 4 of 11

17. 'Property damage' means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it.

    For the purposes of this insurance, electronic data is not tangible property. . . .

Exhibit 3, Commercial General Liability Coverage Form (CG 00 01 04 13) at p. 15.

22. The Policy, Policy No. PAC7104403, is subject to the following exclusions from coverage:

    2. **Exclusions**
       This insurance does not apply to:

    . . .

    b. **Contractual Liability**
       'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

       (1) That the insured would have in the absence of the contract or agreement; or
       (2) Assumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an 'insured contract', reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of 'bodily injury' or 'property damage', provided:
           (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same 'insured contract'; and
           (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceedings in which damages to which the insurance applies are alleged.
    . . .

    j. **Damage To Property**
       'Property damage' to:

COMPLAINT FOR
DECLARATORY JUDGMENT
Page 5 of 11

*Penn-America Ins. Co. v. Statewide Foam and Coatings, LLC, et al.*
3:21-cv-00179-JWS

Case 3:21-cv-00179-JWS   Document 1   Filed 07/27/21   Page 5 of 11

. . .

    **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations; or

    **(6)** That particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it.

**. . .**

Paragraph **(6)** of this exclusion does not apply to 'property damage' included in the 'products-completed operations hazard'.

  **k. Damage To Your Product**
    'Property damage' to 'your product' arising out of it or any part of it.

  **l. Damage To Your Work**
    'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'.

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

  **m. Damage To Impaired Property Or Property Not Physically Injured**
    'Property damage' to 'impaired property' or property that has not been physically injured, arising out of:

    **(1)** A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or
    **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use.

Exhibit 3, Commercial General Liability Coverage Form (CG 00 01 04 13) at pp. 2; 4-5.

    23.    The Policy, Policy No. PAC7104403, includes the following definitions:

  **8.** 'Impaired property' means tangible property, other than 'your product' or 'your work', that cannot be used or is less useful because:

COMPLAINT FOR                                                           *Penn-America Ins. Co. v. Statewide Foam and*
DECLARATORY JUDGMENT                                 *Coatings, LLC, et al.*
Page 6 of 11                                                                                3:21-cv-00179-JWS
Case 3:21-cv-00179-JWS   Document 1   Filed 07/27/21   Page 6 of 11

a. It incorporates 'your product' or 'your work' that is known or thought to be defective, deficient, inadequate or dangerous; or
   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by the repair, replacement, adjustment or removal of 'your product' or 'your work' or your fulfilling the terms of the contract or agreement.

. . .

**16.** "Products-completed operations hazard":

   a. Includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except:
      **(1)** Products that are still in your physical possession; or
      **(2)** Work that has not yet been completed or abandoned. However, 'your work' will be deemed completed at the earliest of the following times:
         **(a)** When all of the work called for in your contract has been completed.
         **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
         **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   b. Does not include 'bodily injury' or 'property damage' arising out of:
      **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the 'loading or unloading' of that vehicle by any insured;
      **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or
      **(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products completed operations are subject to the General Aggregate Limit.

      . . .

**21.** 'Your product':
   a. Means:
      **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

COMPLAINT FOR
DECLARATORY JUDGMENT
Page 7 of 11

*Penn-America Ins. Co. v. Statewide Foam and Coatings, LLC, et al.*
3:21-cv-00179-JWS

Case 3:21-cv-00179-JWS   Document 1   Filed 07/27/21   Page 7 of 11

(a) You;
                    (b) Others trading under your name; or
                    (c) A person or organization whose business or assets you have acquired; and
                (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
            b. Includes:
                (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
                (2) The providing of or failure to provide warnings or instructions.
            c. Does not include vending machines or other property rented to or located for the use of others but not sold.

    22.    'Your work';
            a. Means:
                (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'; and
                (2) The providing of or failure to provide warnings or instructions.
            b. Includes:
                (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work', and
                (2) The providing of or failure to provide warnings or instructions.

Exhibit 3, Commercial General Liability Coverage Form (CG 00 01 04 13) at pp. 13-16.

    24.    The Policy, Policy No. PAC7104403, includes an Additional Insured – Owners, Lessees or Contractors – Completed Operations Endorsement (form CG 20 37 04 13) which provides, in part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

. . .

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for 'bodily injury' or 'property damage' caused, in whole or in part, by 'your work' at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the 'products-completed operations hazard'.

COMPLAINT FOR                                          *Penn-America Ins. Co. v. Statewide Foam and*
DECLARATORY JUDGMENT                                                           *Coatings, LLC, et al.*
Page 8 of 11                                                                     3:21-cv-00179-JWS
Case 3:21-cv-00179-JWS   Document 1   Filed 07/27/21   Page 8 of 11

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

    A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

1. 'Bodily injury,' 'property damage' or 'personal and advertising injury' arising out of the rendering of, or the failure to render, any professional, architectural, engineering or surveying services, . . .

    . . .
2. 'Bodily injury' or 'property damage' occurring after:

    a. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

    b. That portion of 'your work' out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

    . . .

The name of the Additional Insured identified on the Schedule is "Layton Construction Co Inc 9090 South Sandy Parkway Sandy, UT 84040". Exhibit 3, Policy Endorsement (form CG 20 37 04 13).

COMPLAINT FOR
DECLARATORY JUDGMENT
Page 9 of 11

*Penn-America Ins. Co. v. Statewide Foam and Coatings, LLC, et al.*
3:21-cv-00179-JWS

Case 3:21-cv-00179-JWS   Document 1   Filed 07/27/21   Page 9 of 11

25. The JV Claim against Statewide and the City of Ketchikan Claim against JV does not allege "property damage" within the meaning of the Policy and, therefore, the Claims asserted are not covered under PAIC Policy No. PAC7104403.

26. The JV Claim against Statewide and the City of Ketchikan Claim against JV is excluded from coverage pursuant to one or more Policy exclusions set forth in Policy No. PAC7104403.

27. JV is not an "insured" under the terms of the Policy, Policy No. PAC7104403.

28. PAIC is entitled to a declaration that the JV Claim asserted against Statewide and the City of Ketchikan Claim asserted against JV is not covered under the PAIC Policy, Policy No. PAC7104403.

29. PAIC is entitled to a declaration that PAIC has no duty under the terms of the Policy, Policy No. PAC7104403, to defend Statewide against the JV Claim or to defend JV against the City of Ketchikan Claim.

30. PAIC is entitled to a declaration that PAIC has no duty under the terms of the Policy, Policy No. PAC7104403, to indemnify Statewide for any sums it becomes legally obligated to pay Layton Construction Company, LLC, Dawson Construction, LLC, Layton Construction Co. Inc./Dawson Joint Venture, and/or City of Ketchikan as a result of the JV Claim.

31. PAIC is entitled to a declaration that PAIC has no duty under the terms of the Policy, Policy No. PAC7104403, to indemnify JV for any sums it becomes legally obligated to pay the City of Ketchikan as a result of the City of Ketchikan Claim.

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment declaring that the JV Claim asserted against Statewide is not covered under Policy No. PAC7104403;

2. For judgment declaring that the City of Ketchikan Claim asserted against JV is not covered under Policy No. PAC7104403;

3. For judgment declaring that PAIC has no duty under the terms of Policy No. PAC7104403 to defend Statewide against the JV Claim;

4. For judgment declaring that PAIC has no duty under the terms of the Policy No. PAC7104403 to defend JV against the City of Ketchikan Claim;

5. For judgment declaring that PAIC has no duty under the terms of the Policy, Policy No. PAC7104403, to indemnify Statewide for any sums it becomes legally obligated to pay Layton Construction Company, LLC, Dawson Construction, LLC, Layton Construction Co. Inc./Dawson Joint Venture, and/or City of Ketchikan as a result of the Claim;

6. For judgment declaring that PAIC has no duty under the terms of the Policy, Policy No. PAC7104403, to indemnify JV for any sums it becomes legally obligated to pay City of Ketchikan as a result of the Claim; and

7. For such other relief as the Court deems just and proper.

DATED at Anchorage, Alaska this 27th day of July, 2021.

                                   CLAYTON & DIEMER, LLC
                                   Attorneys for Plaintiff

                                   By: */s/ A. Michael Zahare*
                                   A. Michael Zahare
                                   ABA No. 8411148